SARAH JENKS, ETC., *v.* JOSEPH IRVIN.

**Pleading Construed Against Pleader—Demurrer.**

Construing the petition most strongly against the pleader, it is clear that upon the statement of facts as to the mortgage, judgment and decretal sale under which appellee acquired possession, the appellant are not entitled to the relief sought and the demurrer was property sustained.

APPEAL FROM LOUISVILLE CHANCERY.

October 6, 1871.

OPINION BY JUDGE LINDSAY:

Whether Mrs. Ellanor Ewing took an estate in fee in the lands devised to her by her husband, James Ewing, or not, there can be no doubt, that for the purposes of advancing the interests

of his child and her children by a former husband, she had the right to dispose of such land at any time and in any manner she might deem proper.

The will imposes no limitation upon her discretion and under its provisions she could lease, mortgage or sell all or any part of the estate devised.

The petition charges that Irvine holds under a title acquired at a decretal sale made by the Louisville chancery court many years since.

It is alleged that the judgment of said court was founded upon a mortgage executed by Mrs. Ewing after her marriage with Lease, and also to satisfy cetrain debts due and owing by the Testator.

It is further alleged that Mrs. Lease and her last husband in making said mortgage encumbered only her life estate, and that no greater estate than that was adjudged to be sold.

Neither the mortgage nor the judgment of the court under which the sale was made are made exhibits. What estate she did mortgage is a question of law as well as of fact.

It must depend upon the construction of the writing and can be ascertained only by an inspection of it.

From the language used by the pleader it is clear that it was not intended to charge specifically that the mortgage did not upon its fact purport to convey an estate in fee in the lands embraced by it, but rather that this conclusion is reached because of the assumption that Mrs. Lease owned no greater interest in the land than a life estate and consequently that her deed could not so operate as to pass a greater interest that she owned.

After alleging that she mortgaged her life estate, it is stated that "the interest of said Ellanor was ordered to be sold, and then that the chancery court" had no power to sell more than the life estate of said Ellanor.

In these conclusions of law we do not concur. Mrs. Lease was directed out the estate devised to pay the testator's debts, and she could sell any of the devised property to accomplish this end.

She was authorized to dispose of the entire estate devised at any time she might deem it proper to do so. She did conceive

it proper to mortgage the estate, we must assume in pursuance of her rights under the will.

The chancery court had the power without making appellants or their deceased half-sister parties to foreclose this mortgage and sell the estate conveyed and invest the purchaser at its sale with a perfect title to the lands sold.

If this was not done appellants should have set out a state of facts in that petition showing that no greater interest in the lands than an estate continuing as long as Mrs. Lease should live was decreed to be sold.

The facts they do set out rebut their legal conclusions and tend to show that they have no cause of action.

It was unnecessary perhaps that they should disclose in their petition the defense of Irvine, but as they chose to do so and developed the fact that it was considering all the facts alleged in their petition, a good and valid defense.

The appellees' demurrer was properly sustained. Construing the petition most strongly against the pleaders, it is clear that upon the statements of facts as to the mortgage, judgment and decretal sale under which Irvine acquired possession, they are not entitled to the relief sought.

Appellants failing to amend the chancellor did not err in dismissing their petition.

Wherefore the judgment is affirmed.

*Barrett & Roberts, for appellants.*

*Wooley & Gibson, for appellee.*